# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO.  14-00002 BKT** |
| | **Chapter 11** |
| **FRATERFOOD SERVICE, INC.** | |
| **Debtor** | |
| **FRATERFOOD SERVICE, INC.** | **Adversary No. 15-00011 BKT** |
| **Plaintiff** | |
| **vs.** | |
| **DDR DEL SOL, LLC, S.E.** | |
| | **FILED & ENTERED ON 07/16/2015** |
| **Defendant** | |

## OPINION AND ORDER

This case is before the court upon the *Motion for Sanctions Pursuant to Rule 9011* and *DDR Del Sol's Motion to Dismiss* [Dkt. No.'s 12 and 13] filed by Defendant, ("DDR"); the *Response to DDR Del Sol's Motion for Sanctions Pursuant to Rule 9011* and the *Response to DDR Del Sol's Motion to Dismiss* [Dkt. No.'s 14 and 16] filed by Fraterfood Service, Inc. ("Plaintiff" or "Debtor"); and *DDR's Motion for Leave and Reply to Response to DDR Del Sol's Motion to Dismiss* [Dkt. No. 19]. DDR seeks to dismiss the complaint and to impose sanctions against Plaintiff and its counsel due to their alleged infringement of Fed. R. Bankr. P. Rule 9011(b). DDR alleges that the complaint's legal basis is not supported by existing law and,

1

furthermore, that it was allegedly filed for improper purposes, mainly, that of forestalling DDR's collection of its Post Petition Pre-Rejection Rent Claim ("PPPR"). For the reasons stated herein, *DDR Del Sol's Motion to Dismiss* is hereby granted, and the *Motion for Sanctions Pursuant to Rule 9011* is hereby granted in part, and denied in part.

## I. Factual Background

Debtor filed a voluntary petition for Chapter 11 reorganization on January 2, 2014. DDR is the owner of Plaza del Sol, a shopping center located in Bayamon, Puerto Rico. Debtor previously operated two (2) restaurants on the premises under the trade names of Margarita's and Burrito's. On March 25, 2014, Debtor filed an *Urgent Motion for Rejection of Non-Residential Lease Contract* whereby it requested this Honorable Court's approval to reject the "Lease Agreement." [Dkt. No. 75 in the legal case]. On April 1, 2014, DDR filed a motion acquiescing to Debtor's rejection of the Lease Agreement, [Dkt. No. 80], and on April 7, 2014, the court entered an order granting the rejection of the Lease Agreement. [Dkt. No. 91]. The court's rejection order had the effect of terminating the Lease Agreement.

On April 10, 2014, DDR filed an application for payment of PPPR under 11 U.S.C. § 365(d)(3) in the amount of $78,537.23. [Dkt. No. 100 in the legal case]. The amount of the PPPR was comprised of all of Debtor's obligations as per the Lease Agreement that accrued post petition and pre-rejection, that is, all obligations accruing between January 2 and April 7, 2014. On October 15, 2014, the court entered an Opinion and Order granting DDR's PPPR for $76,886.86. [Dkt. No. 205 in the legal case]. Debtor did not appeal the court's October 15, 2014 Opinion and Order, thus making the allowance of the PPPR final.

DDR filed its *Motion for Prompt Payment of Post-Petition, Pre-Rejection Rent Claim* on

2

December 8, 2014. [Dkt. No. 232 in the legal case]. DDR argued therein that pursuant to 11 U.S.C. § 365(d)(3) and its interpretative case law, Debtor was obligated to pay the PPPR promptly. On December 11, 2014, Debtor requested an extension of time to oppose the payment motion. [Dkt. No. 238 in the legal case]. The court, in turn, granted Debtor's request. [Dkt. No. 241 in the legal case].

On January 20, 2015, Plaintiff initiated an adversary proceeding by filing a *Complaint* against DDR [Dkt. No. 1], in response or as an objection to the payment motion filed by DDR. The Complaint charges DDR with allegedly violating section 362(a) of the Code by illegally withholding what it deemed to be property of the estate pursuant to 11 U.S.C. § 541. The property allegedly withheld consists of the building, the leased premises' kitchen exhaust system, and the leased premises' power generator. The Complaint seeks as relief that the PPPR be disallowed and that DDR be condemned to pay Plaintiff $1,502,877.00 as adequate compensation for the building, exhaust system, and generator.

On January 26, 2015, DDR sent a letter to counsel for Plaintiff attempting to persuade them to withdraw the Complaint for violating Fed.R.Bankr.P. 9011(b)(1) and (2). DDR alleges that the property in question is not property of the estate. On the other hand, Plaintiff argues that given the fact that the land lease in this case was under Debtor's name, it is clear that the land lease constitutes a legal or equitable interest of Debtor in this bankruptcy case, and that interest (i.e., construction costs of the building, kitchen extractor and power generator) is property of the estate. They argue that under 11 U.S.C. § 542(a) and Article 297 of the Civil Code of Puerto Rico, DDR is obliged to pay Plaintiff $1,502,877.00 for the building, the kitchen extractor systems and the power generator, which allegedly are being illegally and contumaciously held by

3

DDR.

## II. Jurisdiction

The court has jurisdiction to determine the instant contested matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

## III. Legal Analysis

**For a complaint to pass muster under Fed.R.Civ.P. 12(b)(6) scrutiny, it must "raise a right to relief above the speculative level." <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555.**

A motion to dismiss simply tests the sufficiency of a complaint. <u>See</u> Fed.R.Civ.P. 12(b)(6); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 556 U.S. at 677 (*quoting* <u>Twombly</u>, 550 U.S. at 556). In evaluating the adequacy of a complaint, the First Circuit has adopted a two-pronged approach. <u>See</u> <u>Soto–Torres v. Fraticelli</u>, 654 F.3d 153, 158 (1st Cir.2011). The first prong is to identify the factual allegations and to distinguish them from "statements in the complaint that merely offer legal conclusions couched as facts or are threadbare or conclusory." <u>Id.</u> "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. Allegations that "are no more than conclusions, are not entitled to the assumption of truth." <u>Iqbal</u>, 556 U.S. at 662.

The second prong is whether the factual allegations would "allow the court to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

The court "accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor." Grillasca-Palou v. U.S. Postal Serv., 573 F. Supp. 2d 495, 494 (D.P.R. 2008) (*citing* Correa–Martinez, 903 F.2d at 51). However, in an opposition to a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." McCoy v. Massachusetts Institute of Tech., 950 F.2d 13, 22 (1st Cir.1991). The court will not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" in the plaintiff's favor. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996).

**Plaintiff's Complaint's well-pleaded allegations fail to establish an estate interest upon the building and improvements or a right to remedies under Article 297 of the Puerto Rico Civil Code and Bankr. Code § 502(d).**

Plaintiff argues in its *Response to DDR Del Sol's Motion to Dismiss* that DDR is withholding property of Plaintiff's estate which is subject to turnover under 11 U.S.C. § 542. Plaintiff alleges that, because DDR holds the aforsesaid movables and the building in violation of section 542(a), its PPPR must be disallowed. Plaintiff seeks to move this Court to disallow the PPPR under Bankr. Code § 502(d), which generally states that

> … the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

This Court disagrees.

Plaintiff's Complaint, alleging that DDR is withholding property of the estate, is based

5

upon Article 297 of the Civil Code of Puerto Rico. Article 297 constitutes the "good-faith builder" exception to the Puerto Rico Civil Code's general rule that "[w]hatever is built… on another's land, and the improvements or repairs made thereon, belong to the owner thereof…." Puerto Rico Civil Code Article 294, 31 Laws of P.R. Ann. § 1161. In the case of Marchand v. Montes, 78 D.P.R. 131, (1955), the Supreme Court of Puerto Rico held that in instances where the builder is the lessee to the landowner, Puerto Rico Civil Code Articles 1463 and 416, 31 Laws of P.R. Ann. §§ 4070 and 1527, apply instead.

Article 1463 of the Puerto Rico Civil Code states that "[a] lessee shall have, with regard to the useful and voluntary improvements, the same rights which are granted a usufructuary." 31 Laws of P.R. Ann. § 4070. On the other hand, Article 416 states that "[t]he usufructuary may make, on the property given in usufruct, whatever improvements he deems proper, either for a useful purpose or for pleasure, provided he does not change its form or substance; but he shall have no right to be indemnified therefore. He may, however, remove the said improvement, if it be possible to do so without damage to the property." 31 Laws of P.R. Ann. § 1527.

Shepardizing Marchand v. Montes, *supra*, leads one to Castrodad v. The Shell Co., 140 D.P.R. 736, (1996) which establishes and clarifies that with regards to Articles 297 to 300 of the Puerto Rico Civil Code, the Supreme Court of Puerto Rico determined that "such Articles are *not* applicable in instances where the builder is the lessee to the landowner." The Puerto Rico Secretary of Justice determined in line with this case that in Puerto Rico, "Articles 297 to 300… are *not* applicable in instances where the builder is the lessee to the landowner, and the rights of the parties should be determined by the general principles that govern the lease agreement" Op. Sec. Just. Núm. 1957–9, pág. 37. [emphasis ours].

6

In the instant case, Plaintiff was authorized to construct upon the premises a building together with certain improvements. All such construction and improvements to the premises were defined in the "Lease Agreement" as "Tenant's Work," and all costs and expenses associated with Tenant's Work were to be borne exclusively by Plaintiff. The term "Improvements" is defined by the Lease Agreement as "any and all other improvements now or hereafter constructed or installed in, on or about the Leased Premises," including the building itself, "and shall further include the appurtenances specifically granted in" the Lease Agreement. It was agreed to, in the Lease Agreement, that the improvements, including the building and, more specifically, all electrical fixtures and equipment installed therein, automatically attached to the freehold, became part of the leased premises and, in turn, property of DDR.

In lieu of the aforementioned, Plaintiff, as lessee, has the same rights which are granted to a usufructuary. As a result, Plaintiff could only remove the improvements if it would be possible to do so without causing damage to the property. The rights of the parties should, therefore, be determined by the general principles that govern the Lease Agreement. This Court concludes that it is not reasonably possible to remove the building, the kitchen exhaust system, or the power generator without causing damage to the property. Moreover, if the Plaintiff may not remove said improvements from the premises, it has no right to be indemnified. Furthermore, it is an undisputed fact that Plaintiff agreed that the improvements, including the building and, more specifically, all electrical fixtures and equipment installed therein, automatically attached to the freehold, became part of the leased premises and, in turn, property of DDR in the Lease Agreement. Plaintiff's use of Article 297 as the basis for the filing of the Complaint is without legal substantiation.

7

Plaintiff's Complaint's well-pleaded allegations fail to establish an estate interest upon the building and improvements or a right to remedies under Article 297 of the Puerto Rico Civil Code or Bankr. Code § 502(d). Therefore, Plaintiff has failed to state a claim upon which relief may be granted by this Court pursuant to Fed.R.Civ.P. 12(b)(6). *DDR Del Sol's Motion to Dismiss* is hereby granted and thus, Plaintiff's Complaint will be dismissed. This Court will now turn to the other matter at hand which pertains to *DDR Del Sol's Motion for Sanctions Pursuant to Rule 9011*.

**The purpose of Fed.R.Bankr.P. 9011 is to "deter baseless filings in bankruptcy court and thus avoid unnecessary judicial effort…"**

DDR argues in their *Motion for Sanctions Pursuant to Rule 9011* that the Complaint's legal basis is not supported by existing law and, furthermore, it was filed for improper purposes, mainly, that of forestalling DDR's collection of its PPPR. This Court agrees. Courts may infer the purpose of a filing from the consequences of the motion, such as delaying the proceedings or creating 'a persistent pattern of clearly abusive litigation.'" In re CK Liquidation Corp., 321 B.R. 355, 365 (B.A.P. 1st Cir. 2005). "A legal argument is not warranted by existing law if it is based on legal theories that are plainly foreclosed by well-established legal principles and authoritative precedent, unless the pleading plainly argues for a reversal or change of law and presents a nonfrivolous argument to support that position." CK Liquidation, 321 B.R. at 362, *citing* In re Willis Furniture Co., 148 B.R. 691, 694 (Bankr. D.Mass. 1992). There is no indication of the latter in Plaintiff's Complaint. The preceding legal analysis shows that a determination with regards to what really constitutes property of the bankruptcy estate in this case is controlled by existing and well-established law.

"[F]ederal courts have inherent power to discipline attorneys who appear before it." Ryan v. Astra Tech, Inc., 772 F.3d 50, 56 (1st Cir. 2014).

> It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed within a court, because they are necessary to the exercise of all others. For this reason, courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates. These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Chambers v. NASCO, Inc., 501 U.S. 32, (1991) (quotations and citations omitted).

"Sanctions stem, in part, from a need to regulate conduct during litigation. Thus, a sanction may properly have a punitive aspect." Goya Foods, Inc. v. Wallack Mgmt. Co., 344 F.3d 16, 20 (1st Cir. 2003) (citations omitted). The purpose of Fed.R.Bankr.P. 9011 is to "deter baseless filings in bankruptcy court and thus avoid unnecessary judicial effort, the goal being to make proceedings in that court more expeditious and less expensive. The rule imposes sanctions on persons violating the rule, and, it is hoped, will act to deter future conduct of the same nature." Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy ¶ 9011.01 (16th ed. 2014). Federal Rule of Bankruptcy Procedure 9011 "require[s] an attorney to conduct himself in a manner bespeaking reasonable professionalism and consistent with the orderly functioning of the judicial system. Subjective good faith is not the issue; generally Rule 9011 demands that counsel's actions comport with an objective standard of lawyerly performance." In re Terron Hernandez, 513 B.R. 172, (Bankr. D.P.R. 2014) (citations omitted).

> The mildest [form of sanctions] is an order to reimburse the opposing party for expenses caused by the failure to cooperate. More stringent [sanctions] are orders striking out portions of the pleadings, prohibiting the introduction of evidence on particular points and deeming disputed issues determined adversely to the position

9

of the disobedient party. Harshest of all are orders of dismissal and default judgment.

Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2nd Cir. 1979). "[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. at 46. "The inherent power of the court includes the authority to sanction for abuses that occur "beyond the courtroom." Id. at 57.

This Court finds that actions undertaken by counsel for the Plaintiff as stated above constitute dilatory litigation, which is sanctionable under the court's inherent power. With regards to the amount of the sanctions the injured party must submit

records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the [] court can assess the time claimed for each activity. A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations and quotations omitted). If the documentation is inadequate, the court may reduce the award accordingly. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

In view of the aforementioned, DDR's *Motion for Sanctions Pursuant to Rule 9011* (Dkt. No. 12) is hereby granted in part, and denied in part. This Court hereby sanctions Plaintiff's counsel under Fed.R.Bankr.P. 9011 and the court's inherent power, to pay DDR's legal costs, expenses and fees associated with defending this Complaint. The request for sanctions against Plaintiff/Debtor is hereby denied. DDR is further ordered to submit an itemized and detailed

10

description of their fees, costs and expenses within 14 days. Fraterfood's counsel may file a response 14 days thereafter.

### IV.    Conclusion

WHEREFORE, IT IS ORDERED that the Motion to Dismiss filed by Defendant will be granted after the issue of sanctions has been finally adjudicated. Motion for Sanctions Pursuant to Rule 9011 filed by Defendant shall be, and it hereby is, GRANTED IN PART and DENIED IN PART.

In San Juan, Puerto Rico this 16th day of July, 2015.

Brian K. Tester
U.S. Bankruptcy Judge