**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 14-00002 BKT**<br>**Chapter 11** |
| **FRATERFOOD SERVICE, INC.** | |
| **Debtor** | |
| **FRATERFOOD SERVICE, INC.** | **Adversary No. 15-00011 BKT** |
| **Plaintiff** | |
| **vs.** | |
| **DDR DEL SOL, LLC, S.E.** | **FILED & ENTERED ON 07/01/2015** |
| **Defendant** | |

**<u>OPINION AND ORDER</u>**

 **I.**  **Discussion**

 Before the Court is Fraterfood Service, Inc.'s ("Fraterfood") *Motion to Stay Pending Appeal* filed on August 6, 2015 [Dkt. No. 47] along with DDR Del Sol, LLC, S.E.'s ("DDR") *Opposition to Fraterfood's Motion for Stay Pending Appeal* filed on September 23, 2015 [Dkt. No. 54]. For the reasons stated herein, Fraterfood's Motion is hereby DENIED.

 Recently amended, Fed. R. Bankr. P. 8007 governs motions for stay pending an appeal. Courts consider the traditional four-part standard applicable to preliminary injunctions. <u>See</u>

1

Acevedo–García v. Vera–Monroig, 296 F.3d 13, 16 (1st Cir.2002). The allowance of a motion for stay pending appeal is discretionary." In re MJS Las Croabas Props., 2015 WL 1651085 at *2 (Bankr.D.P.R.2015). "A court has substantial discretion […] to grant (or deny) a stay pending appeal on such terms as it may deem appropriate, subject to an abuse of discretion standard of review." In re Triple A & R Capital Inv. Inc., 2015 WL 1138485, at *1 (Bankr. D.P.R. 2015), citing In re Target Graphics, Inc., 372 B.R. 866 (E.D.Tenn. 2007). The court must consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." Id. at 16, fn. 3, citing *427 Hilton v. Braunskill, 481 U.S. 770, 776–777, (1987).

"A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In order to grant the motion for stay pending appeal all four prongs must be satisfied. Failure to meet the four prongs dooms the motion." In re MEDSCI Diagnostics, Inc., 2011 WL 280866 at *3, (Bankr.D.P.R.2011) (citations omitted). "Failure to satisfy even one of those requirements justifies denial of the stay." Gail v. New Eng. Gas Co., 2008 WL 5245331 at *9 (D.R.I.2008), citing In re Power Recovery Sys. Inc., 950 F.2d 798, 804 n. 31 (1st Cir.1991). In conducting this analysis, the U.S. Supreme Court has stated that the first two factors are the "most critical". See Nken v. Holder, 556 U.S. 418, (2009). Of those two factors, "'[t]he *sine qua non* [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.'" Acevedo–García v. Vera–Monroig, 296 F.3d at 16, quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir.1993).

Although the degree of likelihood of success is not determinative, it must be balanced with the hardships caused to the parties if the injunction is not granted. If the movant's showing of probable success on the merits is uncertain, she may be entitled to a preliminary injunction if she demonstrates a strong probability that she will be injured if the court fails to act. See Wright, Miller & Kane, 11A *Federal Practice and Procedure* § 2948.3 (2nd ed.2014). "Movant must prove not merely a 'likelihood' of success, but that he has 'a substantial case,' 'a strong case on appeal.'" In re Soto-Carreras, 2013 WL 3216132, at *2 (Bankr. D.P.R. 2013), quoting In re Saffon Ochart, 74 B.R. 136, 137 (Bank. D.P.R., 1987).

To establish irreparable harm, the movant does not need to show that the injunctive relief will be fatal to the business, only that its legal remedies are inadequate. See Ross–Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir.1996). "[W]hat matters... is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits." Puerto Rico Hospital Supply, Inc. v. Boston Scientific Corp., 426 F. 3d 503, 507 n.1 (1st Cir. 2005). "As to irreparable harm, this Court has stated that a stay pending appeal cannot be granted merely because the losing party may suffer an adverse consequence. Furthermore, mere economic losses do not represent irreparable injuries." In re Efron, 2013 WL 5230640, at *2 (Bankr. D.P.R. 2013). See Cal. Pharmacists Ass'n v. Maxwell–Jolly, 563 F. 3d 847, 851-2 (9th Cir.2009) ("Supreme Court case law and some of our own cases clarify that economic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award.").

In the instant case Fraterfood re-states arguments that were entertained and rejected previously by this Court. Furthermore, Fraterfood does not point to a specific basis upon which

3

the District Court would conclude reversal is appropriate. As such, the first, *sine qua non*, prong of the Fed. R. Bankr. P. 8007 test is not met.

The Motion for Stay attempts to make a showing of irreparable harm based on four (4) arguments: (i) the Order on Appeal has the effect of allowing the PPPR Rent Claim; (ii) Fraterfood will be irreparably injured because its interest in the improvements allegedly amounting to over $1,500,000.00 far exceed the PPPR Rent Claim of just over $76,000.00; (iii) disbursing the PPPR Rent Claim funds would jeopardize its day-to-day operations and, furthermore, its reorganization efforts; and (iv) failure to stay the effects of the Order on Appeal infringes upon Fraterfood's due process rights. However, Fraterfood's obligation under Bankr. Code § 365(d) to pay the PPPR Rent Claim promptly cannot be held to constitute an event that could trigger Fed. R. Bankr. P. 8007's irreparable harm requirement. The PPPR Rent Claim became an allowable claim pursuant to this Court's *Opinion and Order* entered October 15, 2014[see Dkt. No. 205 in the legal case]. The October 15, 2014 *Opinion and Order* became final and unappealable and Fraterfood cannot earn a second bite at that apple by incorporating the PPPR Rent Claim in their request for a stay pending appeal.

Fraterfood also argues that its interest in the improvements exceeds the PPPR Rent Claim. However, the final and unappealable PPPR Rent Claim is a separate and independent allowed administrative expense that is due and owing regardless of the alleged improvements claim. Also, Fraterfood fails to elaborate in any manner why this alleged fact shall cause it irreparable injury if the stay is not granted.

Thirdly, Fraterfood argues that disbursing the PPPR Rent Claim would hinder its day-to-day operations and, consequently, the feasibility of its reorganization efforts. Once again, the

4

court asserts that the final and unappealable PPPR Rent Claim is a separate and independent allowed administrative expense that is due and owing regardless of the alleged improvements claim. Moreover, it is well settled law that economic factors are generally not considered sufficient to establish the irreparable injury prong because economic losses are susceptible to be remedied with a subsequent award of damages.

Fraterfood further contends in its Motion for Stay that the Order on Appeal's effect of precluding it from being compensated for the improvements harms all other creditors and, as thus, the stay pending appeal is warranted. However, this Court has previously held that "[d]elay caused to creditors receiving their payment is also a significant harm warranting denial of a stay." In re Efron, 2014 WL 2547798, at *3 (Bankr. D.P.R. 2014), citing In re Public Serv. Co., 116 B.R. 347, 350 (Bankr. D.N.H. 1990).

**II.     Conclusion**

WHEREFORE, IT IS ORDERED that having failed to meet the factors needed to obtain a stay, judicial economy dictates that the court ends its analysis here. The controversy over the posting of a bond will likewise not be addressed as that issue becomes moot with the denial of Fraterfood's petition.

In San Juan, Puerto Rico this 11th day of June, 2015.

Brian K. Tester
U.S. Bankruptcy Judge

5